UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ALFRED TAYLOR,<br><br>                Plaintiff,<br><br>     v.<br><br>AYUB HAROUN, et al.,<br><br>                Defendants. | Case No. 1:21-cv-01109-DAD-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Plaintiff, a state prisoner, alleges the defendants unlawfully terminated his participation in a prison religious diet program. (Doc. 1.) Plaintiff attaches the administrative grievance he filed and the responses thereto to his complaint. (*Id.* at 10-19.) According to these documents, prison officials disapproved of Plaintiff's grievance at the first level of review on September 30, 2020. (*Id.* at 17.) Plaintiff appealed the decision on November 6, 2020[1], which the California Department of Corrections and Rehabilitation (CDCR) Office of Appeals rejected as untimely. (*Id.* at 15-19.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[1] According to his proof of service, Plaintiff provided the appeal to prison officials for mailing on November 1, 2020. (Doc. 1 at 18.)

1  exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and
2  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation
3  omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*
4  *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the
5  administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

6      Inmates are required to "complete the administrative review process in accordance with
7  the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal
8  court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are
9  subject to two levels of review. *See* Cal. Code Regs. tit. 15, § 3481(a). In general, prisoners must
10 receive a disposition from the CDCR Office of Appeals at the second level of review before
11 administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m); *but see id.* §
12 3483(m)(2). The Office of Appeals may reject an appeal if the prisoner did not submit it within
13 30 days of the decision at the first level of review. *See id.* §§ 3485(b), 3486(e), 3487(a)(1). A
14 rejection does not exhaust administrative remedies. *Id.* § 3486(m).

15     Failure to exhaust is generally an affirmative defense that the defendant must plead and
16 prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is
17 clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

18     It is clear on the face of his complaint that Plaintiff failed to exhaust administrative
19 remedies. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this
20 order, to show cause in writing why this action should not be dismissed for his failure to exhaust.
21 Alternatively, Plaintiff may file a notice of voluntary dismissal. <u>Failure to comply with this order
22 will result in a recommendation that this action be dismissed.</u>

23
24 IT IS SO ORDERED.

25    Dated: **December 4, 2021**           **/s/ Jennifer L. Thurston**
26                                              CHIEF UNITED STATES MAGISTRATE JUDGE
27
28