UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ALFRED TAYLOR, | Case No. 1:21-cv-01109-DAD-BAK (HBK) (PC) |
| Plaintiff, | |
| v. | ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| AYUB HAROUN, et al., | |
| Defendants. | (Doc. Nos. 10, 16) |

Plaintiff Joe Alfred Taylor is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 filed on July 22, 2021.  (Doc. No. 1, Complaint.) For the reasons set forth below, the undersigned will discharge the Order to Show Cause issued December 4, 2021.  **This Order shall not be construed that the Court has determined that Plaintiff has properly or fully exhausted his administrative remedies.**

**I.      BACKGROUND**

The Complaint alleges a First Amendment claim stemming from defendants terminating Plaintiff's participation in a prison religious diet program. (Doc. No. 1.)  Plaintiff attached to his Complaint the administrative grievance he filed in connection with his claim as well as the institution's responses thereto.  (*Id*. at 10-19.)  The documents reflect that prison officials disapproved Plaintiff's grievance at the first level of review on September 30, 2020.  (*Id*. at 17.) Plaintiff appealed the decision, but the California Department of Corrections and Rehabilitation

1  (CDCR) Office of Appeals rejected the appeal as untimely. (*Id*. at 15-19.) Specifically, the Office

2  of Appeals noted Plaintiff was required to submit his claim "on or before 10/30/2020" to be

3  timely. (*Id*. at 19.)

4          On December 4, 2021, an Order to Show Cause issued directing Plaintiff to explain why

5  the Complaint should not be dismissed for a failure to exhaust administrative remedies.  (Doc.

6  No. 10.)  Following extensions of time, Plaintiff filed his response on February 28, 2022.  (Doc.

7  No. 16.)  Plaintiff claims prison officials failed to respond to his timely grievances, citing alleged

8  discrepancies in dates on documents generated by officials and Plaintiff's receipt of same. (*Id*. at

9  2-4.)  Plaintiff further argues that "a grievance/appeal returned unresolved satisfies the PLRA

10  exhaustion requirement." (*Id*. at 3.)

11         **II.      APPLICABLE LAW**

12         Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

13  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

14  confined in any jail, prison, or other correctional facility until such administrative remedies as are

15  available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil

16  rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); s*ee also McKinney v. Carey*, 311 F.3d

17  1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a

18  precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to

19  suit" (citation omitted)).  The exhaustion requirement "applies to all inmate suits about prison

20  life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the

21  prisoner, or the relief offered by the prison's administrative process, is of no consequence. *Booth*

22  *v. Churner*, 532 U.S. 731, 741 (2001).  And, because the PLRA's text and intent requires

23  "proper" exhaustion, a prisoner does not satisfy the PLRA's administrative grievance process if

24  he files an untimely or procedurally defective grievance or appeal.  *Woodford*, 548 U.S. at 93.  A

25  prisoner need not plead or prove exhaustion.  The PLRA recognizes no exception to the

26  exhaustion requirement, and the court may not recognize a new exception, even in "special

27  circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).

28         Inmates are required to "complete the administrative review process in accordance with

2

the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. at 88, 93.  In California, state-inmate grievances are subject to two levels of review.  *See* Cal. Code Regs. tit. 15, § 3481(a).  In general, prisoners must receive a disposition from the CDCR Office of Appeals at the second level of review before administrative remedies are deemed exhausted.  *See id.* §§ 3483(m)(1), 3486(m); *but see id.* § 3483(m)(2).  The Office of Appeals may reject an appeal if the prisoner did not submit it within 30 days of the decision at the first level of review.  *See id.* §§ 3485(b), 3486(e), 3487(a)(1).  A rejection does not exhaust administrative remedies.  *Id.* § 3486(m).

As a general rule, a prisoner need not prove exhaustion.  Instead, it is an affirmative defense that the defendant must plead and prove.  *Jones v. Brock*, 549 U.S. 199, 204, 216 (2007). However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Meador v. Pleasant Valley State Prison*, 333 F. App'x 177, 178 (9th Cir. 2009).  Where the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portion of the complaint barred by § 1997(e)(a).  *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### III.    ANALYSIS

#### A.  Summary of CDCR 602 Submissions

Plaintiff submitted his inmate appeal on August 30, 2020, using a CDCR 602 form. (Doc. No. 1 at 10.) Thereafter, he received a Claimant Grievance Receipt Acknowledgement from the Office of Grievances at the California Substance Abuse Treatment Facility on September 4, 2020, acknowledging its receipt of his grievance "on 8/31/2020." (*Id*. at 13.)  That document advised Plaintiff the office would "complete its review no later than 10/31/2020." (*Id*.)

On September 30, 2020, the Office of Grievances issued its Claimant Grievance Claims Decision Response, including its determination: "Decision: Disapproved."  (Doc. No. 1 at 17.)

Plaintiff then completed an Appeal of Grievance, CDCR 602-2 form, signed and dated October 4, 2020. (Doc. No. 1 at 15-18.) Plaintiff noted on the first page of the form that his grievance had been "Rejected 9/30/2020." (*Id*. at 15.)  The proof of service prepared by Plaintiff

and included with his completed form is dated November 1, 2020. (*Id*. at 18.)[1]

In an OOA Acknowledgement of Receipt and Closure of Appeal dated January 4, 2021, the Office of Appeals advised Plaintiff it had received his appeal "on 11/06/2020," and that his claim was "rejected by the Office of Appeals" because he "did not submit the claim within the timeframe required by California Code of Regulations, title 15. The date you received the claim decision response from the Department was 9/30/2020; the date you submitted this claim was 11/06/2020. You should have submitted your claim on or before 10/30/2020 to meet the 30-calendar day requirement set forth in the regulations." (Doc. No. 1 at 19.)

### B. Discussion

The decision being appealed by Plaintiff is dated September 30, 2020. (Doc. No. 1 at 17.) By adding 30 calendar days to September 30, 2020, the deadline to submit an appeal for the next or second level is October 30, 2020.  Plaintiff did not do so on or prior to that date. Rather, Plaintiff submitted his appeal to the second level on November 1, 2020, as reflected on his accompanying proof of service, or 32 calendar days after September 30, 2020. (Doc. No. 1 at 18.)

Nevertheless, Plaintiff contends that his appeal was not untimely because he *received* the disapproval of his claim on October 5, 2020, which would allow for a 30-calendar-day deadline of November 4, 2020.  If in fact one adds 30 calendar days to the date Plaintiff purports to have received the Office of Grievances' Claimant Grievance Claims Decision Response, a submission dated November 1, 2020, would arguably be timely.

There clearly exists some discrepancy between Plaintiff's interpretation of the regulations providing for 30 calendar days counted from his *receipt* of the first level decision as compared to the OOA's finding that a *submission* was due in its offices "on or before" 30 calendar days from the date of the first level review decision.  Accordingly, Plaintiff is advised that the exhaustion issue may arise again should defendant elect to challenge Plaintiff's exhaustion of administrative remedies by way of a motion to dismiss or motion for summary judgment at some later date.

---

[1] This is consistent with the notation indicating an envelope was sealed and logged by prison authorities on that same date. (Doc. No. 1 at 19.) The postmark on the envelope addressed to the Office of Appeals in Sacramento appears to be "11/02/2020." (*Id*. at 20.)

1    *Jones v. Brock*, 549 U.S. at 211-16 (the exhaustion requirement is an affirmative defense).

2          Plaintiff further contends the mailbox rule applies to the CDCR grievance process.  In

3    *Houston v. Lack*, 487 U.S. 266 (1998), the United States Supreme Court held that an inmate is

4    deemed to have filed a pleading in state or federal court on the date that he placed his pleading

5    into the prison mailing system, not on the date that it was ultimately received and filed by the

6    clerk of the applicable court.  *Id.* at 276.  The *Houston* court noted that *pro se* prisoners stand in a

7    position different than that of other litigants.  Specifically, *pro se* prisoners cannot personally

8    travel to the courthouse to see that a notice of appeal is stamped "filed."  Rather, the *pro se*

9    prisoner is forced to trust the prison mail system and the U.S. postal service.  The prisoner cannot

10   even monitor the mails to ensure that the notice is received by the court.  A prisoner's control

11   over the filing ceases when he delivers it to prison authorities. *Houston*, at 270-273.

12         The undersigned is not aware of any governing statutory authority or binding caselaw that

13   provides for the applicability of the mailbox rule to the CDCR's inmate grievance process.

14   However, liberally construing Plaintiff's response to the OSC and contentions therein, the

15   undersigned will accept Plaintiff's response at this early stage of the proceedings.  *See Albino v.*

16   *Baca*, 747 F.3d at 1166.

17         **IV.    ORDER**

18         For the foregoing reasons, the OSC issued December 4, 2021, is hereby DISCHARGED.

19   Plaintiff is advised that his complaint will be screened in due course as required by 28 U.S.C. §

20   1915A(a).

21

22   Dated:    March 25, 2022

23                                          HELENA M. BARCH-KUCHTA
                                           UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28