IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOE ALFRED TAYLOR,**<br><br>Plaintiff,<br><br>v.<br><br>**AYUB HAROUN, et al.,**<br><br>Defendants. | Case No. 1:21-cv-01109-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INITIAL STATUS CONFERENCE**<br><br>(Doc. 36) |

    Plaintiff Joe Alfred Taylor is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

    Following the issuance of District Judge Ana de Alba's Order Adopting Findings and Recommendations to Dismiss Certain Defendants and Claims (Doc. 26), this Court ordered service of Plaintiff's first amended complaint on June 5, 2023 (Doc. 27).

    Defendants R. Dela Cruz and A. Haroun filed an answer on August 21, 2023. (Doc. 32.)

    On August 22, 2023, the Court issued its Order Referring Case to Post-Screening ADR And Staying Case For 90 Days. (Doc. 34.)

    On September 22, 2023, Plaintiff filed his notice indicating a willingness to participate in an early settlement conference. (Doc. 35.) That same date, Plaintiff filed a document titled

"Notice of Motion and Motion for Initial Case Status Conference; Memorandum of Points and Authorities; Declaration." (Doc. 36.)

## II.   DISCUSSION

Plaintiff moves the Court for an order scheduling an initial case status conference pursuant to "Rule 16" of the Federal Rules of Civil Procedure. He states this action was "filed over (2) years ago and there have been no case status conferences nor appearances by opposing parties nor counsel until recent." Plaintiff states "Rule 16 provides that the Court will schedule conferences in order to expedite the disposition of this action, discourage wasteful pretrial activities, and improve the quality of trial." Plaintiff asserts "Court assistance is required at this time or should reasonably be ordered in order to assume the issues in this action are actually uncontested or legally incontestable be resolved in a quick and inexpensive manner for the benefit of all parties and for the sake of judicial economy." Plaintiff declares he "intends to fully litigate his claims to trial" and that "an initial case conference should provide for both parties details pending pretrial pertinent to prosecution of complaint and the defense thereof." He declares an "initial case conference is provided pursuant to Rule 16 and should be ordered within a reasonable time and placed on this Court's conference calendar." (Doc. 36.)

Plaintiff is advised that pursuant to Rule 26(a)(1)(B)(iv) of the Federal Rules of Civil Procedure, this action is exempt from initial disclosures. Additionally, as noted in Local Rule 240—relating to Rule 16 of the Federal Rules of Civil Procedure— prisoner actions are exempt from the mandatory scheduling order requirements. *See* Local Rule 240(c)(8). In prisoner civil rights actions, the Court does not schedule status conferences or an "'initial case conference'" as contemplated by Plaintiff. Rather, as referenced in the First Informational Order In Prisoner/Civil Detainee Civil Rights Case, issued July 23, 2021 (*see* Doc. 3), once an answer has been filed by Defendants, "the Court will issue an order opening discovery and setting deadlines for completing discovery, amending the pleadings, and filing dispositive motions. No discovery may be initiated until the Court issues a discovery order or otherwise orders that discovery begin." (Doc. 3 at 4.)

Here, a discovery and scheduling order has not yet issued because this Court "refers all civil rights cases filed by pro se inmates to Alternative Dispute Resolution ('ADR') to attempt to

resolve such cases more expeditiously and less expensively." (*See* Doc. 34 at 1.) Once Defendants have filed their notice regarding early ADR— which is due on or before October 6, 2023—this action will proceed to an early settlement conference (assuming all parties elect to participate) or the Court will lift the current 90-day stay and issue a discovery and scheduling order. In either event, the Court will take action allowing for consideration of Plaintiff's claims and Defendants' defenses—by way of an early settlement conference or the start of discovery.

To the extent Plaintiff references the fact this action has been pending for more than two years, as previously explained, a prisoner civil rights complaint must be screened prior to service. 28 U.S.C. § 1915A(a). (*See* Doc. 3 at 3 [First Informational Order].) Plaintiff was advised shortly after filing suit that this Court "screens pro se plaintiffs' complaints as expeditiously as possible" but "the Court has an extremely large number of pro se plaintiff civil rights cases pending before it, and delay is inevitable." (*Id.*) The Court issued its First Screening Order on December 23, 2022. (Doc. 21.) Shortly thereafter, the Court issued its Findings and Recommendations to Dismiss Certain Defendants and Claims. (Doc. 23.) And while those findings were pending review before the assigned district judge for a period of more than four months, this Court has just two district judges assigned to oversee all actions in the Fresno Division of the Eastern District of California. Delays are unavoidable. Moreover, once District Judge Ana de Alba issued her Order adopting the findings and recommendations in full (Doc. 26), the Court ordered service of Plaintiff's first amended complaint four days later (Doc. 27). Service efforts proceeded expeditiously, and Defendants filed a timely answer on August 21, 2023. (Doc. 32.)

Finally, the Court notes that in it its Order issued August 22, 2023, the parties were advised that "[n]o pleadings or motions may be filed in this case during the [90-day] stay." (*See* Doc. 34 at 2.)  While Plaintiff's motion is not being denied on this basis, Plaintiff shall refrain from filing any additional pleadings or motions until the stay in this action has been lifted or he is otherwise ordered to do so.

//

//

//

### III.   CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that Plaintiff's motion for an initial status conference (Doc. 36) is **DENIED**. Plaintiff **SHALL NOT** file any pleadings or motions in this action until the previously imposed stay is lifted or he is directed to do so by the Court.

IT IS SO ORDERED.

Dated:   **September 25, 2023**

UNITED STATES MAGISTRATE JUDGE